# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-03052-01-CR-S-MDH |
| | ) | |
| STEVEN S. PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Defendant's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 47). The Government has filed a response stating the motion should be denied as Defendant brings forth no claims for this Court's consideration, and this Court has already determined that Defendant does not qualify for a reduced sentence under 18 U.S.C. § 3582(c)(2). (Doc. 51).

Following a guilty plea, Defendant was convicted of possessing with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). Count One required a statutory sentence of 10 years to life and Count Two required a statutory consecutive sentence of five years. For Count One, the Court calculated a total offence level 27, a criminal history score of 15, a criminal history category VI, and an advisory guidelines range of 130 to 162 months. The total criminal history score included two criminal history points because Defendant committed the instant offense while under a criminal justice sentence. The Court imposed a sentence of 120 months on Count One, a

1

downward variance from the calculated Sentencing Guidelines range to the statutory minimum sentence, and 60 months consecutive on Count Two, the statutory minimum sentence, for a sentence of 180 months' imprisonment.

On June 10, 2025 the Defendant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)92) and Part A (the "status-point" provision) of Amendment 821 to the Sentencing Guidelines. (Doc. 39). This Court in its July 28, 2025 Order denied the Defendant's motion ruling that:

> The government argues Defendant received the lowest possible sentence under the law. The government further states the Court does not have discretion to impose any lesser sentence. Finally, the government contends the application of Amendment 821 would not change the Defendant's guidelines range and as a result he is ineligible for a reduction in sentence. This Court agrees. Defendant is not entitled to a reduction in sentence.

(Doc. 45). The Defendant's current motion states in its entirety:

> Upon motion of the defendant the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(U) and having considering such motion and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable.

(Doc. 47).

Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, the Court agrees that the Defendant raises no argument or claims for review in his instant motion. Further, as the Court has previously ruled, the Defendant has received the lowest possible sentence under the law and thus the Court does not have discretion to impose any lesser sentence. As such, the Defendant is not entitled to a reduction in sentence.

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, Defendant's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) is hereby **DENIED**.

**IT IS SO ORDERED**.

DATED: July 9, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

3